**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANCISCO GUILLEN** | § | **CIVIL ACTION NO.:** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **HUNTSMAN INTERNATIONAL LLC.,** | § | **JURY DEMANDED** |
| | § | |
| **Defendant.** | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**

_____

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE**:

Plaintiff Francisco Guillen ("Mr. Guillen" or "Plaintiff") for causes of action pleaded below files this Original Complaint, complaining of and about Defendant Huntsman Corporation ("Huntsman" or "Defendant"), and will respectfully show onto the Court as follows:

## I.      PARTIES

1.      Plaintiff Francisco Guillen is an individual residing in Montgomery County, Texas.

2.      Defendant Huntsman International LLC, ("Huntsman"), is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah. During the relevant times alleged herein, Huntsman, conducted business at its corporate office and headquarters at 10003 Woodloch Forest Dr, The Woodlands, TX 77380.

## II.      JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2012).

4.      This suit further arises under Section 1981 of the Civil Rights Act of 1866, as amended, made applicable to Defendant through Section 1983 of the Act. 42 U.S.C. § 1983

5.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state law claims that arise under the Texas Commission on Human Rights Act, codified in Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.001 *et seq.* ("TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, under Article 3 of the United States Constitution.

6.      Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.      NATURE OF THE ACTION

7.      This action is brought pursuant to Title VII and TCHRA on the grounds that Plaintiff was discriminated against on the basis of his race (Hispanic) which he was subjected to a hostile work environment, and, ultimately, retaliated against for the pursuit of his protected rights, in violation of Title VII. This action seeks to recover damages caused by Defendant's unlawful and discriminatory employment practices, including damages caused by the retaliation Plaintiff was subjected to after making complaints of discrimination and retaliation.

2

*Plaintiff's Original Complaint*

8.      This action also further seeks to recover damages for Defendant's violation of

TCHRA. Specifically, Plaintiff complains that Defendant discriminated against him on the basis

of his race and retaliated against him for engaging in protected activities. *See* TEX. LAB. CODE §

21.001 *et seq.*

### IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On September 27, 2019, Plaintiff filed a charge with the U.S. Equal Employment

Opportunity Commission ("EEOC") against Defendant for discrimination based on race

discrimination and retaliation (Charge No. 460-2018-00020C).

10.      Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated August

30, 2019.  Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore,

this lawsuit is timely filed.

11.      No administrative exhaustion or other conditions precedent are required prior to

the filing of claims under 42 U.S.C. §1983.

### V.      FACTS

13.      Mr. Francisco Guillen was an employee of Huntsman International LLC from June

2004 until January 31, 2017; an employment span of over ten (10) years. Plaintiff was a

hardworking and loyal employee for Huntsman, as recognized in his three most recent

Evaluations and his pair of Exceptional Recognition Awards in 2012.

14.      Beginning in November 2012, Plaintiff began having employment issues with his

supervisor, Jay Cunningham and another co-worker, Mike Moody, when Plaintiff overheard

comments about him and the other Hispanics in the Shipping Department. Specifically, Mr.

3

*Plaintiff's Original Complaint*

Cunningham and Mr. Moody referred to the Shipping Department as the "Chicano" (sic) Country club" and repeatedly stated that one had to "learn Spanish to work in the Shipping Department." Additionally, Mr. Cunningham would 'single out' Plaintiff in an unremitting confrontational manner. For instance, Mr. Cunningham labeled Plaintiff as the "ringleader" or "Godfather" of the Hispanics.

15.     Unfortunately, the same discriminatory treatment resurfaced and persisted in November 2015 during Plaintiff's annual evaluation. Around the same time, Plaintiff turned in his "evaluation package" for a wage increase, however, the denial of the decision was kept away from Plaintiff until seven (7) months later in June 2016. Plaintiff was denied a wage increase, even though he met or exceeded any expectations required and he had no disciplinary issues, neither written nor verbal.

16.     Specifically, Mr. Cunningham told Plaintiff that his "evaluation package" was pulled before it was presented to HR for the following reasons: (1) Mr. Cunningham heard a 'rumor' that Plaintiff would go over his head to the new manager, Heather Braren; (2) Mr. Cunningham heard a 'rumor' that some employees referred to Plaintiff as the "Godfather; and (3) Mr. Cunningham heard some things about 'horse playing' with a co-worker, Saul Carranza. However, these three 'rumors' were never brought to Plaintiff for explanation nor was Plaintiff ever disciplined for any of these reasons. After hearing the weak points offered by Cunningham, Plaintiff made a formal complaint and reported Mr. Cunningham, to manager Heather Braren, for discrimination and retaliation.

17.     Huntsman International management continued to allow its employees to discriminate and make racist remarks aimed at Plaintiff. On or around March 2016, after Plaintiff

4

*Plaintiff's Original Complaint*

made his formal complaint to management, during a shipping department safety meeting a Huntsman International employee made racist remarks, asserting that the meeting should be conducted in Spanish. Mr. Cunningham was present when the comment was made and failed to address the discriminatory behavior, which made it appear that Huntsman International condones that type of behavior.

18. The discrimination and retaliation continued, notably, on or about April 2016, Mike Moody made known to employees at Huntsman that before he retired, he was going to make sure the "Chicano country club" knew what kind of pull he had. This comment revealed the deep animus harbored by the staff at Huntsman against Plaintiff and other Hispanic employees. On or about May 2016, the Shipping Department Manager, Heather Braren, began to constantly harass Plaintiff; insinuating Plaintiff was responsible for playing a prank that was known around the office to have been committed by another employee, Mr. Cunningham's nephew.

19. About six (6) months later, on November 23, 2016, Plaintiff was called into Human Resources, by Emily Smith, where she explained an investigation was being conducted for a hostile work environment in the Shipping Department. Specifically, the investigation revolved around 'locker room banter' that was initiated by another employee, Steve Farney (Caucasian). However, the investigation was focused on Plaintiff – not Farney – and involved the exact same 'locker room banter.'.

20. On or about January 31, 2017, notwithstanding Farney's admission that he stated, "snitches get stitches", the Shipping Department Manager, Braren, proceeded to explain that the investigation was closed and the company had decided to terminate Plaintiff's employment due to alleged threats made to a co-worker – while Farney was not punished in any way.

*Plaintiff's Original Complaint*

21.     The maltreatment by Huntsman International and HR representatives was not only directed towards Plaintiff, it is apparent that there are other instances where employees have been discriminated against based on their race. One can easily deduce that the workplace culture at Huntsman International is replete with a discriminatory work environment and retaliatory practices, which are easily condoned.

## VI.     TITLE VII RACE DISCRIMINATION

22.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

23.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (Hispanic).

24.     Title VII of The Civil Rights Act of 1964, as amended in 1991, makes it illegal to discriminate against any employee on the basis of race, sex, national origin, or religion. Here, Defendant intentionally violated Plaintiff's federally protected rights by discriminating against him on the basis of his race and national origin by tolerating and condoning racial discrimination in the workplace and by failing to immediately take appropriate corrective actions. This conduct led to the unwarranted discharge of Plaintiff and proximately caused the damages complained of herein.

## VII. TCHRA RACE DISCRIMINATION

25.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (Hispanic).

27.     Defendant discriminated against Plaintiff in connection with the compensation,

*Plaintiff's Original Complaint*

terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race (Hispanic), in violation of Texas Labor Code § 21.106 et seq.

## VIII.   TITLE VII NATIONAL ORIGIN DISCRIMINATION

28.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

29.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin (Latin).

30.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's national origin (Latin), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## IX. TCHRA NATIONAL ORIGIN DISCRIMINATION

31.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin (Latin).

33.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or

7

*Plaintiff's Original Complaint*

adversely affect his status because of Plaintiff's national origin (Latin), in violation of the Texas Labor Code, Section 21.051.

## X. TITLE VII RETALIATION

34.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35.     Complaining of unlawful discrimination and harassment is a protected activity within the meaning of the statute. Defendant intentionally retaliated against Plaintiff because of his complaints of race and national origin discrimination made to Defendant prior to Plaintiff's termination.

## XI. TCHRA RETALIATION

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## XIV.  JURY DEMAND

38.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## XV.  PRAYER

39.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.   All damages to which Plaintiff may be entitled pursuant to this Original Complaint,

*Plaintiff's Original Complaint*

or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b.  Compensatory damages, including, but not limited to, emotional distress;

c.  Past, present, and future physical pain and mental suffering;

d.  Punitive damages;

e.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of Court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No. 24036888
S.D. ID 713316
2603 Augusta Dr., Suite 1450
Houston, Texas 77057

9

*Plaintiff's Original Complaint*

Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

10